UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER BALDOMINO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3683 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Alexander Baldomino filed a complaint under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights. On February 24, 2014, defendant William Stephens filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons stated below, defendant's motion is granted and plaintiff's complaint is dismissed with prejudice as to defendant Stephens.

I.     Background

At all times relevant to this case, Baldomino was an inmate in, and defendant Stephens was the Director of, the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ"). Plaintiff alleges that corrections officers failed to intervene promptly when he was attacked by another inmate, and that he has received inadequate medical treatment for injuries he sustained in that attack.

## II.   Analysis

### A.   Standard of Review

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### B.   Personal Involvement

To prevail on his claims, Baldomino must demonstrate that defendant was personally involved in the alleged constitutional violations.  *See Jones v. Lowndes County, Mississippi*, 78 F.3d 344, 349 (5th Cir. 2012).  Plaintiff makes no allegations that Stephens was personally involved in any alleged civil rights violation.  Baldomino sues Stephens solely in his supervisory capacity as Director of the TDCJ Correctional Institutions Division.  Supervisory officials, however, cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*.  *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978).  Therefore, defendant Stephens must be dismissed from this case.

### C.   Conclusion

For the foregoing reasons, defendant Stephens' motion to dismiss is granted.

**III.    Order**

It is ORDERED that:

1. Defendant Stephens' motion to dismiss (Doc. # 15) is GRANTED;

2. The stay entered on June 30, 2014 is lifted with regard to the remaining defendants; and

3. All deadlines set in this Court's Order for Service of Process, entered on January 7, 2014, are reinstated as to the remaining defendants. These deadlines shall run from the date of this Order.

SIGNED on this 4th day of September, 2014.

_____
Kenneth M. Hoyt
United States District Judge