UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER BALDOMINO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3683 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Alexander Baldomino filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. On September 4, 2014, this Court dismissed defendant William Stephens from this case. (Dkt. No. 29). On October 24, 2014, this Court dismissed without prejudice plaintiff's claims against defendant Rapher for failure to timely serve him with a summons and complaint. (Dkt. No. 34). On March 24, 2017, the remaining defendants, Gonzalez and Rathmann, moved for summary judgment. (Dkt. No. 48) Baldomino responded on May 30, 2017. For the reasons stated below, the motion for summary judgment by defendants Gonzalez and Rathmann is denied.

**I.   Background**

At all times relevant to this case, Baldomino was an inmate in, and defendants Gonzalez and Rathmann were Corrections Officers employed by, the Texas Department of Criminal Justice ("TDCJ") . Plaintiff alleges that defendants failed to intervene promptly when he was attacked by another inmate, and that he has received inadequate medical treatment for injuries he sustained in that attack.

## II. Analysis

### A. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. Exhaustion of Remedies

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004) . Defendants argue that Baldomino filed a Step 1 grievance concerning the alleged attack, and a Step 1 grievance

regarding the allegedly inadequate medical care, both of which were denied. They further contend that he failed to file a Step 2 grievance regarding either complaint.

Defendants submit copies of Baldomino's Step 1 grievances, accompanied by an affidavit establishing that these grievances were kept in the ordinary course of business. *See* Summary Judgment Motion, Exh. A. Baldomino responds with a lengthy discussion of the merits of his claims, and an assertion that he filed Step 2 grievances, but he does not attach any copies of his Step 2 grievances or any evidence supporting his claim that he filed such grievances. *See* Response to Motion for Summary Judgment ("Response") (Dkt. No. 49), at Exhibits B and C. Rather, he contends that he has attempted to obtain copies of his Step 2 grievances, but that the prison library will not provide them until he pays a fee for the copies. Response at 4.

The business records affidavit accompanying the Step 1 grievances states, in relevant part: "I have reviewed the grievance records for Offender Baldomino . . . for the time period of October 2012 to [February 26, 2014]. The records attached hereto are the original or exact duplicates of the originals." Dkt. No. 48, Exh. A. Conspicuously absent from the affidavit is any statement that the attached records are a complete set of the relevant grievances filed by Baldomino. This leaves open the possibility that his Step 2 grievances were filed, but are not attached to the affidavit. Accepting the business records affidavit as true, it nonetheless fails to disprove Baldomino's claim that he filed Step 2 grievances. The defendants therefore fail to demonstrate the absence of any disputed material fact regarding Baldomino's exhaustion of administrative remedies, and are not entitled to summary judgment.

### III. Order

It is ORDERED that the motion for summary judgment by defendants Gonzalez and Rathmann (Dkt. No. 48) is DENIED;

It is FURTHER ORDERED THAT the defendants shall respond to Baldomino's motion for leave to conduct discovery (Dkt. No. 47) within 10 days of the date of this Order.

SIGNED on this 11th day of July, 2017.

                                          Kenneth M. Hoyt
                                          United States District Judge