UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER BALDOMINO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3683 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Alexander Baldomino filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. On September 4, 2014, this Court dismissed defendant William Stephens from this case. (Doc. # 29). On October 24, 2014, this Court dismissed without prejudice plaintiff's claims against defendant Rapher for failure to timely serve him with a summons and complaint. (Doc. # 34). On March 24, 2017, the remaining defendants, Gonzalez and Rathmann, moved for summary judgment. (Doc. # 48) Baldomino responded on May 30, 2017. The Court denied that motion, finding that there was an unresolved factual issue as to whether Baldomino properly exhausted his administrative remedies.

On July 18, 2017, Gonzalez and Rathmann filed an amended motion for summary judgment. (Doc. # 52). Baldomino did not respond to that motion. For the reasons stated below, the amended motion for summary judgment by defendants Gonzalez and Rathmann is granted.

I.   **Background**

At all times relevant to this case, Baldomino was an inmate in, and defendants Gonzalez and Rathmann were Corrections Officers employed by, the Texas Department of Criminal Justice ("TDCJ") . Plaintiff alleges that defendants failed to intervene promptly when he was attacked by another inmate, and that he has received inadequate medical treatment for injuries he sustained in that attack.

II.   **Analysis**

   A.   **Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

   B.   **Exhaustion of Remedies**

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004). Defendants argue that Baldomino filed a Step 1 grievance concerning the alleged attack, and a Step 1 grievance regarding the allegedly inadequate medical care, both of which were denied. They further contend that he failed to file a Step 2 grievance regarding either complaint.

Defendants submit copies of Baldomino's Step 1 grievances, accompanied by an affidavit establishing that these grievances were kept in the ordinary course of business. *See* Summary Judgment Motion, Exh. A. Baldomino did not respond to the amended motion for summary judgment, but responded to the original motion with a lengthy discussion of the merits of his claims and an assertion that he filed Step 2 grievances. He did not attach any copies of his Step 2 grievances or any evidence supporting his claim that he filed such grievances. *See* Response to Motion for Summary Judgment ("Response") (Doc. # 49), at Exhibits B and C. Rather, he contended that he has attempted to obtain copies of his Step 2 grievances, but that the prison library will not provide them until he pays a fee for the copies. Response at 4.

This Court denied the defendants' original motion for summary judgment, finding that the business records affidavit accompanying the Step 1 grievances failed to state that the attached records were a complete set of the relevant grievances filed by Baldomino. This left open the possibility that Baldomino's Step 2 grievances were filed, but were not attached to the affidavit.

The amended motion contains the same documents, but adds an affidavit by James Booker, the Offender Grievance Manager for TDCJ. Booker's affidavit states that the attached grievances are "the original processed and unprocessed Step One and Step Two grievances filed by Offender Baldomino for the time period October 2012 to February 2014." Amended Motion, Exh. A, at 2. As noted above, Baldomino did not respond to the amended motion. This leaves

only his unsworn assertion that he filed Step 2 grievances made in response to the defendants' original motion for summary judgment.

Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

Baldomino has presented nothing but his unsworn assertions that he filed Step 2 grievances, and that they have somehow been lost. He presents no copies of Step 2 grievances, or any other competent evidence that he ever filed such grievances. In the face of the defendants' evidence that Baldomino never filed Step 2 grievances, Baldomino's bald assertions are insufficient to defeat the defendants' motion. *See, e.g., Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012)("conclusory assertions . . . failed to create a genuine dispute as to his exhaustion of this grievance").

## III.  Order

It is ORDERED that the amended motion for summary judgment by defendants Gonzalez and Rathmann (Doc. # 52) is GRANTED;

It is FURTHER ORDERED THAT the complaint (Doc. # 1) is DISMISSED WITH PREJUDICE;

It is FURTHER ORDERED THAT the all settings in this case are WITHDRAWN; and

It is FURTHER ORDERED THAT all other pending motions are DENIED AS MOOT.

SIGNED on this 18th day of September, 2017.

_____
Kenneth M. Hoyt
United States District Judge